IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ANGELA CLARK, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UBS and HCL AMERICA, INC., )<br>)<br>Defendants. )<br>)<br>)<br>) | Case No. 3:19-cv-00510<br><br>Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Jeffery S. Frensley |

## DENIAL OF MOTION FOR ENTRY OF DEFAULT

Pending is Plaintiff's Request for Entry of Default against Defendant HCL America, Inc. pursuant to Federal Rule of Civil Procedure 55(a). (Doc. No. 27). For the following reasons, the Motion is **DENIED**.

Plaintiff filed this *pro se* action on June 18, 2019. (Doc. No. 1). As of September 22, 2021, Plaintiff had not served Defendants with process, however, the Court extended the deadline for Plaintiff to serve the parties. (Doc. No. 17). Summonses were issued as to Defendants on October 5, 2021. (Doc. No. 18). On October 13, 2021, Plaintiff returned the executed Summons as to HCL America stating that it was served with process on October 8, 2021. (Doc. No. 20). On October 25, 2021, HCL America filed a Motion for an additional 21 days to file a responsive pleading, (Doc. No. 21), which was granted by the Court on October 26, 2021. (Doc. No. 22). HCL America timely filed its Answer on November 19, 2021. (Doc. No. 25). Plaintiff filed the pending Request

1

for Entry of Default on November 29, 2021. (Doc. No. 27). HCL America filed its response in opposition to Plaintiff's Request on December 1, 2021. (Doc. No. 28).

Pursuant to Local Rule 55.01, motions for entry of default against a corporate entity "must be accompanied by an unsworn declaration under penalty of perjury under 28 U.S.C. § 1746 verifying, among other things, (i) proof of service and (ii) the opposing party's failure to plead or otherwise defend. L.R. 55.01. Plaintiff's Motion is procedurally defective because fails to include the required unsworn declaration. Yet, even if the required declaration had been included, entry of default is inappropriate.

When evaluating whether to enter default pursuant to Federal Rule of Civil Procedure 55(a), the Clerk must ascertain not only whether a party has filed a responsive pleading or motion, but also whether the defendant has taken any action to "otherwise defend." "The words 'otherwise defend' presume the absence of some affirmative action on the part of a defendant which would operate as a bar to the satisfaction of the moving party's claim." *Wickstrom v. Ebert*, 101 F.R.D. 26, 32 (E.D. Wis. 1984). "The Advisory Notes to the 2007 Amendments to Rule 55 confirm the view that Rule 55(a) does not require a responsive pleading or Rule 12(b) motion to ward off entry of default." *See Ross v. Creative Image Techs., LLC*, No. 3:13-CV-3, 2013 WL 2404234, at *1 (W.D. Ky. May 31, 2013). Finally, "[w]here a defendant appears and indicates a desire to contest an action, a court may exercise its discretion to refuse to enter default . . .. There is a strong public policy, supported by concepts of fundamental fairness, in favor of trial on the merits." *Higgins v. Dankiw*, No. 8:08CV15, 2008 WL 2565110, at *2 (D. Neb. June 24, 2008) (internal citations omitted).

By filing its Answer within the time allowed by the Court in its October 26, 2021 Order, and as evidenced by HCL America's response in opposition to the pending Request, the Clerk

finds that Defendant HCL America has expressed a clear intent to defend this action. Accordingly, Plaintiff's Request for Entry of Default (Doc. No. 27) is **DENIED**.

s/ Lynda M. Hill  
Lynda M. Hill  
Clerk of Court