IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| ANGELA CLARK, )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>UBS, et al. )<br>    Defendants. ) | Case No. 3:19-cv-0510<br>Chief Judge Crenshaw/Frensley<br>Jury Demand |

## ORDER

Pending before the Court is a pleading filed by the pro se Plaintiff in this matter titled "Request for Copy of Deposition Transcript Motion to Remove All or Part of Witness Testimony." Docket No. 37. For the reasons set forth herein, the Plaintiff's motion is **DENIED**.[1]

According to the Plaintiff's motion, she was deposed in this matter on March 30, 2022. *Id.* Plaintiff asserts that at the deposition she was unable to "(1) provide clarity of Plaintiff's statements; (2) depose on Defendants or defendants counsel, whom were present; (3) offer a rebuttal; (4) object without being asked if I was 'refusing to answer'; and (5) examine/cross examination the other attending party." *Id.* The Plaintiff requests that the Court order the Defendant to bear the costs of providing her a copy of the transcript of her deposition and "to require witness testimony to be limited in scope and use in Court as cross examination was not allowed and the responses were not full and in context." *Id.*

The Federal Rules of Civil Procedure authorize depositions by oral examination in civil proceedings before the Court. Fed. R. Civ. P. 30. To the extent that Plaintiff believes she should

---

[1] Local Rule 7.01(b) permits the Court to act on a motion prior to the time allowed for response. The Court does not believe it necessary to wait 21 days for this matter to be briefed in light of the issues.

have been allowed to cross examine counsel for the Defendant, that is not authorized by the rules. Further, to the extent that Plaintiff wishes to take depositions, she must do so in compliance with Rule 30 which includes providing advance notice of the deposition. A party may not simply examine witnesses or other individuals who may happen to be at a different deposition.

To the extent Plaintiff requests the Court require Defendants to pay for her to receive a copy of the deposition transcript, the motion is **DENIED**. Copies of the transcript or recording of a deposition to any party or the deponent must be provided by the court reporter "[w]hen paid reasonable charges." Fed. R. Civ. P. 30(f)(3). Plaintiff's pro se status does not excuse her from compliance with the Federal Rules of Civil Procedure, Local Rules of Court, and orders of this court. If the Plaintiff wishes to depose witnesses or receive copies of depositions she must bear the costs of doing so just like any other litigant before this Court. The Court will address the admissibility of witness testimony based upon the law and arguments of counsel at such time as the testimony is offered.

For the foregoing reasons, the Plaintiff's motion (Docket No. 37) is **DENIED**.

**IT IS SO ORDERED.**

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**