UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| ANGELA CLARK, | ) |
| :--- | :--- |
| Plaintiffs, | ) |
| | ) |
| v. | ) NO. 3:19-cv-00510 |
| | ) |
| UBS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Angela Clark, proceeding pro se, is suing UBS Business Solutions ("UBS") and HCL America ("HCL") under Title VII of the Civil Rights Act of 1964. (Doc. No. 1). UBS has filed a Motion to Dismiss. (Doc. No. 23). The Magistrate Judge has submitted a Report and Recommendation ("R&R") concluding Ms. Clark has neither stated a Title VII claim against UBS nor filed an adequate proof of service document. (Doc. No. 41). The R&R recommends the Court dismiss the claims against UBS with prejudice. (Id. at 13).

The Court disagrees with the R&R. The R&R applies the incorrect legal standard to Ms. Clark's Title VII claims. And even assuming Ms. Clark's proof of service document is inadequate, dismissal with prejudice is not necessary or appropriate as a result. Accordingly, the Court will return this matter to the Magistrate Judge with instructions. See Fed. R. Civ. P. 72 (district judges may "return the matter to the magistrate judge with instructions" after reviewing a recommended disposition).

I. BACKGROUND

Ms. Clark sued UBS and HCL ("Defendants") in June 2019. (Doc. No. 1). The Court referred the matter to the Magistrate Judge in September 2019. (Doc. No. 11). Nothing happened

1

in the case for over a year. In February 2021, the Magistrate Judge ordered Ms. Clark to "file a statement showing cause why th[e] case should not be dismissed for failure to prosecute." (Doc. No. 14).

Ms. Clark filed a letter with the Court in March 2021, explaining that she had attempted to serve Defendants via certified mail in August 2019. (Doc. No. 15). However, she had never received "green cards back from either" of them. (Id.). She had tracked the service documents for several months, and contacted USPS regarding them, to no avail. (Id.). She attached supporting documents and also explained that she "became ill" in early 2020. (Id.).

On September 22, 2021, the Magistrate Judge entered an order directing Ms. Clark to serve Defendants no later than October 22, 2021. (Doc. No. 17). The order "forewarned" Ms. Clark that "her failure to obtain service on the Defendants within the time allowed by the Court and the Federal Rules of Civil Procedure may result in a recommendation that her case be dismissed *without* prejudice." (Id. at 2 (emphasis added)).

Ms. Clark apparently served Defendants by certified mail thereafter. (Doc. Nos. 19, 20). The individual who ostensibly accepted service for UBS signed a return receipt. (Doc. No. 19 at 3). But the signature is unreadable. (Id.). And the person who provided the signature did not provide a printed version of their name. (Id.). Likely stymied by the indecipherable signature, when Ms. Clark filed a proof of service document for UBS, she wrote "illegible name" in the portion reserved for the name of the individual served. (Id. at 2).

UBS moved to dismiss Ms. Clark's claims on November 18, 2021. (Doc. No. 23). It argued Ms. Clark failed to provide a sufficient proof of service document. (Doc. No. 24 at 5). UBS also argued the Court should dismiss Ms. Clark's claims on their merits. (Id. at 8–10).

2

The Magistrate Judge agreed with UBS. (Doc. No. 41). He recommended the Court dismiss Ms. Clark's claims with prejudice. (Id.). Ms. Clark objected to the R&R. (Doc. No. 46). UBS replied to her objections. (Doc. No. 50).

## II. LEGAL STANDARD

Because the R&R concerns a dispositive motion, this Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). To be proper, objections "must be specific." Lawhorn v. Buy Buy Baby, Inc., 2021 WL 1063075, at *1 (M.D. Tenn. Mar. 19, 2021). Generally, the "failure to properly, specifically, and timely object to a report and recommendation releases the Court from its duty to independently review the matter." Id. However, "nothing preclude[s] further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard" where the Court deems it appropriate. Torres v. Comm'r of Soc. Sec., 490 F. App'x 748, 752 (6th Cir. 2012) (citation and quotation omitted).

## III. ANALYSIS

### A. The R&R Has Not Set Forth a Proper Basis on Which to Dismiss Ms. Clark's Title VII Claims Because It Relies on the Incorrect Legal Standard.

The R&R does not provide adequate grounds for dismissing Ms. Clark's Title VII claims on their merits. The R&R correctly points out that Title VII applies only to employers. (Doc. No. 41 at 12). It then reasons dismissal is warranted because, although Ms. Clark claims UBS was her "joint employer," she has "adduced no evidence to establish that." (Id.). However, Ms. Clark is not required to "adduce" any evidence at this stage. This matter is before the Court on a motion to dismiss, not a motion for summary judgment. (Doc. Nos. 23, 41). To survive a motion to dismiss, Ms. Clark must present sufficient factual *allegations*—not evidence—to support her claims. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Accordingly, the Court will return this matter

3

to the Magistrate Judge to submit a report and recommendation using the correct legal standard. Fed. R. Civ. P. 72.

> B. The R&R Does Not Provide Adequate Justification for Dismissing Ms. Clark's Claims With Prejudice Based on Her Proof of Service Document.

The Court also disagrees that dismissal with prejudice is an appropriate response to Ms. Clark's proof of service document. The Magistrate Judge's order concerning service warned Ms. Clark that failure to obtain service could result in dismissal "without" prejudice. (Doc. No. 17). Further, where filing deficiencies are "likely the result of an untutored pro se litigant's ignorance . . . dismissal of the complaint without prejudice is preferable."[1] Brown v. Matauszak, 415 F. App'x 608, 614–15 (6th Cir. 2011). Based on Ms. Clark's pro se status and the Magistrate Judge's prior order, the Court finds dismissal with prejudice is not warranted.

Indeed, even dismissal *without* prejudice may not be warranted. "Failure to prove service does not affect the validity of service," and courts "may permit proof of service to be amended." Fed. R. Civ. P. 4. Moreover, in some circumstances, courts have held an illegible name on a service document does not require amended proof of service. E.g., Montgomery, Zukerman, Davis, Inc. v. Diepenbrock, 698 F. Supp. 1453, 1461 (S.D. Ind. 1988) ("Defendant claims that because the signature on the return receipt is illegible, service is improper. Defendant does not, however, deny that this is his or her agent's signature, nor does he deny being served. . . . [T]he plaintiff's return receipt establishes a prima facie case of proper service.").

The Court makes no definitive finding as to whether dismissal without prejudice or amendment of Ms. Clark's proof of service is necessary. Instead, it returns these matters to the

---

[1] Notably, courts in this circuit have extended this principle to cases where a pro se litigant "made a good faith attempt to effectuate service" but ultimately failed in that effort. Wilding v. Thompson, No. 3:12-CV-774-S, 2013 WL 2180924, at *2 (W.D. Ky. May 20, 2013).

4

Magistrate Judge to consider and provide a revised recommendation.

### IV. CONCLUSION

The R&R (Doc. No. 41) is **REJECTED**. This matter is returned to the Magistrate Judge with the instructions outlined in this Memorandum Opinion and Order.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE