# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| ANGELA CLARK, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:19-cv-00510 |
| HCL AMERICA, INC., et al., | ) |
| Defendants. | ) |

## ORDER

Before the Court is a Report and Recommendation ("R&R") (Doc. No. 60) recommending the Court grant HCL America, Inc. and UBS Business Solutions US, LLC's Motion for Summary Judgment (Doc. No. 42). Plaintiff, proceeding *pro se*, filed an Objection to the R&R (Doc. No. 65) on September 6, 2022, which Defendants responded to on September 16, 2022. For the following reasons, the R&R will be approved and adopted.

### I. BACKGROUND

The Court will not repeat the factual background and procedural history of this case in full because it is aptly set forth in the R&R. (Doc. No. 60 at 2–3). To summarize, Angela Clark brought a series of employment-related claims against HCL America, Inc. and UBS Business Solutions US, LLC following her termination. (See generally, Doc. No. 1). On May 31, 2022, Defendants moved for summary judgement. (Doc. No. 42). In accordance with both Federal Rules of Civil Procedure and the Local Rules, Defendants supported their motion with a separate Statement of Undisputed Facts (Doc. No. 43) and a Memorandum of Law (Doc. No. 44). Aware of Clark's *pro se* status, the Magistrate Judge explicitly informed her of the rules and requirements

for dispositive motions. (Doc. No. 29 at 2–3). Specifically, the Magistrate Judge cautioned Clark as follows:

> Plaintiff is forewarned that dispositive motions must be responded to as set forth herein . . . and that failure to respond to the motion and to statements of facts may result in the Court taking the facts alleged in the matter as true and granting relief requested. In responding to the motions for summary judgment, plaintiff may not just rely on the complaint. Plaintiff must show there is a material dispute of fact with citation to the record, affidavits or other matter of evidence. Plaintiff should read and comply with Federal Rule of Civil Procedure 56 and Local Rule 56.01.

(Id.). Despite this warning, Clark included only three total citations in her Response to Defendants' Motion for Summary Judgement (Doc. No. 48 at 1-2) and none in her Response to Defendants' Statement of Undisputed Facts (Doc. No. 49).

## II. THE MAGISTRATE JUDGE'S RECOMMENDED DISPOSITION

On August 12, 2022, the Magistrate Judge recommended that the Court grant Defendant's Motion for Summary Judgement. (Doc. No. 60 at 30–31). In explaining the basis for this recommendation, the Magistrate Judge emphasized how Clark's limited citations to the record steered its analysis; as he explained, the Magistrate Judge "uncovered only three citations to the record" by Clark and treated Defendants' Statement of Facts as undisputed outside of those citations. (Doc. No. 60 at 4–5). The Magistrate Judge then considered whether a genuine dispute of material fact persisted with respect to the claims against each Defendant as mandated by Federal Rule of Civil Procedure 56 and found none.[1] (Id. at 16, 23, 25, 28–30).

---

[1] The Magistrate Judge repeatedly pointed to the scant evidence offered by Clark to support her claims to explain why no claim could survive summary judgment. (See e.g., id. at 27 ("Despite Plaintiff's repeated allegations, there is no proof cited to in the record that any negative review happened after Plaintiff's . . . formal complaint to Ebenezer"); see also id. at 24 ("Plaintiff offers no specific discernable argument with regards to her wrongful termination claim and fails to cite to the record to create a genuine issue of material fact.")).

2

### III. CLARK'S OBJECTION

On September 6, 2022, Clark filed her Objection to the Report and Recommendation (Doc. No. 65). Construing her arguments fairly and liberally given her *pro se* status, her objections appear to fall into two camps: (1) Clark takes issue with what documents the Magistrate Judge considered in making the recommendation, and (2) Clark alleges three disputes of material fact that went ignored by the Magistrate Judge. (See generally, id.).

Pursuant to Federal Rule of Civil Procedure 72(b)(3), "[t]he [D]istrict [J]udge must determine de novo any part of the [M]agistrate [J]udge's disposition [on a dispositive motion] that has been properly objected to. The [D]istrict [J]udge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the [M]agistrate [J]udge with instructions." See also 28 U.S.C. § 636(b)(1)(C). Only "specific written objections" to the Magistrate Judge's proposed factual findings and legal conclusions are considered "proper" for the district court's consideration. Fed. R. Civ. P. 72(b)(2). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." Cole v. Yukins, 7 F. App'x 354, 356 (6th Cir. 2001) (citing Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995)). Moreover, the Court's Local Rules require that proper objections "must state with particularity the specific portions of the Magistrate Judge's report or proposed findings or recommendations to which an objection is made . . . to apprise the District Judge of the bases for the objections." L.R. 72.02(a). The Local Rules also require that objections be filed within 14 days after service of the report and recommendation in accordance with Federal Rule of Civil Procedure 72(b) and be accompanied by a separate supporting memorandum of law. Id.

Clark's Objection must be discarded as it fails to comply with the Local Rule 72.02(a) in two ways: (1) it was not timely,[2] and (2) it was not accompanied by a separate memorandum of law. See L.R. 72.02(a) ("Objections to a [R&R] of a Magistrate Judge on a dispositive motion must be made within fourteen days after service of the report and recommendation. . . . A separately filed memorandum of law, not exceeding 25 pages, must accompany the objections."). Still, the Court will address her objections on their merits. The result is the same.

As noted above, Clark makes several arguments in her Objection. The vast majority of these may be consolidated into a single sentiment—dissatisfaction with what evidence the Magistrate Judge considered for the purposes of the R&R. (See Doc. No. 65 at 1–2, 4–10). Although Clark acknowledges that the Magistrate Judge could in his discretion consider—or ignore—materials not cited, she requests this Court review her enclosures and build her case on her behalf.

But Clark's rationale for this request amounts to more of an excuse than a legal argument. Clark does not dispute that she left Defendants' Statement of Undisputed Material Facts (Doc. No. 42) almost entirely unchallenged; instead, she explains that she should not be held responsible for failing to show any material dispute of fact with citations simply because the Magistrate Judge's instruction to follow Federal Rule of Civil Procedure 56 and Local Rule 56.01 included the word "should." (Doc. No. 65 at 1–2). Clark argues that "should" implies that adherence these rules was optional. (Id.). Unfortunately for Clark, this reasoning is far more creative than it is persuasive.

---

[2] Given the Clark's *pro se* status, the Court treated the filing as timely and requested a response from Defendants by September 16, 2022. In their Response to Plaintiff's Objection (Doc. No. 67), Defendants rightly observed Clark's delay, without explanation, is dispositive. (See Doc. No. 67 at 4–7).

The Magistrate Judge's instructions in the Scheduling Order (Doc. No. 29) make clear that Clark was required to substantiate any supposed material disputes of fact with citations to some form of evidence. (See Doc. No. 29 at 2–3 (preceding Clark's hand-picked sentence with "In responding to the motions for summary judgement, plaintiff ***may not*** just rely on the complaint. Plaintiff ***must*** show there is a material dispute of fact with citation to the record, affidavits, or other matter of evidence.") (emphasis added)). While Clark's interpretation of a specific sentence is possible in a vacuum, it is recognizably wrong to lawyers and non-lawyers alike when the smallest amount of context is added. The Court cannot accept a strict reading of one portion of the Scheduling Order and turn a blind eye to the portion that immediately precedes it. Clark's *pro se* status does not afford her the benefits of such willful ignorance. See Martin v. Overton, 391 F.3d 710, 714 (6th Cir. 2004) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976) ("Pro se plaintiffs are treated to less stringent standards, but 'they are not automatically entitled to take every case to trial'") (internal citation omitted)).

Clark appears to try to save her case by offering a litany of disagreements with the R&R or various filings by Defendants based on the allegations set out in her complaint or on documents she would only now like to have considered for purposes of summary judgment. (See generally, Doc. No. 65 at 4–10). However, these consist of precisely the kind of vague, general, and conclusory objections that this Court cannot accept. Cole, 7 F. App'x at 356. Several pages still have little to no citations to evidence, (Doc. No. 65 at 8–10), and none argue that the Magistrate Judge erred in exercising his discretion. (Id. at 4–11).

At bottom, Clark was explicitly instructed to show material disputes of fact in accordance with Federal Rules of Civil Procedure and this Court's Local Rules. She did not do so. After accepting the portions of her brief that were properly supported and giving her every reasonable

5

inference, the Magistrate Judge could not save Clark's case. (See generally, Doc. No. 60). This Court need not do more.

Clark's remaining arguments can also be consolidated as she alleges that there are three disputes of material fact where none exist. The first alleged dispute concerns whether Clark conceded that she failed to include allegations of retaliation in her complaint. Clark acknowledged her failure to do so in her deposition, (Doc. No. 43-1 at 103–04), and did not dispute this when Defendants included it in their Statement of Undisputed Fact. Her only argument now is that she used the word "retaliation" in her complaint. (Doc. No. 65 at 2). This is not a genuine dispute of material fact. Saunders v. Ford Motor Co., 879 F.3d 742, 748 (6th Cir. 2018); see also Doc. No 29 at 3 (explicitly informing Clark that she "may not just rely on the complaint"). The second and third concern two declarations which Clark claims may not be considered on the Motion for Summary Judgment because they do not comply with certain federal and state rules. (Doc. No. 65 at 2–3). However, Clark failed to properly dispute a single reference to these declarations in the Defendants' Statement of Material Facts relied on by the Magistrate Judge. When a non-moving party fails to respond to the moving party's statement of material facts, those facts "shall be deemed undisputed for purposes of summary judgement." L.R. 56.01(f). Thus, Clark's issues with the declarations do not amount to a genuine dispute of material fact.

IV. CONCLUSION

Having reviewed *de novo* Clark's objections to the R&R, the Court agrees with the Magistrate Judge's recommended disposition. Accordingly, the Court orders as follows:

1. The R&R (Doc. No. 60) is **APPROVED AND ADPOTED**.

2. Defendant's Motion for Summary Judgment (Doc. No. 42) is **GRANTED**.

This is a final order. The Clerk shall enter judgment in accordance with Federal Rule of Civil Procedure 58 and close the file.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE